UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

K.M.,
a citizen and resident of New Hampshire,

       Plaintiff,

vs.

CLASSICA CRUISE OPERATOR, LTD., INC.,
A corporation with its principal place of business in Florida,
 d/b/a
MARGARITAVILLE AT SEA,

       Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff K.M.,[1] a New Hampshire citizen and resident, through undersigned counsel, hereby sues Defendant CLASSICA CRUISE OPERATOR, LTD., INC., a corporation with its principal place of business in Orlando, Florida, doing business under the fictitious name MARGARITAVILLE AT SEA, and alleges the following matters:

### JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff K.M. is sui juris and is a citizen and resident of the State of New Hampshire.

3. Defendant CLASSICA CRUISE OPERATOR, LTD. is a corporation with its principal place of business in the State of Florida, specifically in Orlando, Florida. Defendant is

---

[1] Plaintiff is proceeding through the use of her initials as a pseudonym due to the sensitive nature of the allegations set forth herein. Defendant is aware of K.M.'s full name, having been advised of it in the August 13, 2025, notice of claim letter referenced in Paragraph 8 below.

Case 6:26-cv-00419-CEM-LHP   Document 1   Filed 01/05/26   Page 2 of 12 PageID 2

K.M. v. Classica Cruise Operator, Ltd., Inc. d/b/a Margaritaville at Sea
Case No.

therefore a citizen of Florida for purposes of determining subject matter jurisdiction over this action. At all material times Defendant has been doing business under the fictitious name "MARGARITAVILLE AT SEA."

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, based on diversity of citizenship. Plaintiff K.M. is a resident and citizen of New Hampshire, while Defendant is a citizen of Florida for jurisdictional purposes. The damages and injuries suffered by the Plaintiff as alleged below support an award of damages in excess of $75,000.00, exclusive of interest and costs.

5. At all material times, Defendant has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that *in personam* jurisdiction over Defendant exists in the United States District Court for the Southern District of Florida.

6. At all material times, Defendant was, and is, engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

7. In the operative ticket contract, Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against it arising out of injuries or events occurring on the cruise voyage in this federal judicial district, so venue accordingly is proper in this Court.

8. Plaintiff has complied with all conditions precedent to bringing this action. The Plaintiff reported the assault alleged below to Defendant's representatives shortly after it occurred and provided Defendant with timely written pre-suit notice as required by the operative ticket contract, in the form of a letter dated August 13, 2025. A copy of the notice of intent letter, with Plaintiff's name redacted to her initials, is attached hereto or accompanies this Complaint as Exhibit 1.

## COMMON ALLEGATIONS

Case 6:26-cv-00419-CEM-LHP    Document 1    Filed 01/05/26    Page 3 of 12 PageID 3

K.M. v. Classica Cruise Operator, Ltd., Inc. d/b/a Margaritaville at Sea
Case No.

9. At all material times, Defendant was engaged in the business of operating maritime cruise vessels for fare-paying passengers and, for this purpose, operated, among other vessels, the "ISLANDER."

10. At all material times, Plaintiff was a fare paying passenger aboard the Defendant's passenger cruise vessel "ISLANDER."

11. At all material times, the itinerary of the Plaintiff's voyage on the ISLANDER included a United States port.

12. During the early morning hours of August 3, 2025, Plaintiff was returning from a nightclub onboard the "ISLANDER" to her stateroom. A male crewmember of Defendant, an onboard bartender, followed or accompanied the Plaintiff to her stateroom, entered Plaintiff's stateroom without authorization or consent from Plaintiff, and forcibly sexually assaulted and raped her.

13. At all material times before and while the sexual assault and/or rape described in the preceding paragraph was occurring, the Plaintiff did not consent to any sexual activity with the bartender or any other crewmember.

14. As a direct and proximate result of the sexual assault and/or rape by the bartender/crew member as described above, the Plaintiff was injured in and about her body and extremities, including but not limited to psychological and emotional trauma, mental anguish, post-traumatic effects, aggravation or acceleration of preexisting conditions, and the inability to lead a normal life. She has also lost earnings and/or earning capacity and will continue to do so in the future. Furthermore, Plaintiff incurred medical, hospital, and other out of pocket and health care expenses in the past and future as a result of her injuries; the future medical and health care expenses are reasonably certain to occur. All of these damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

3

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Case 6:26-cv-00419-CEM-LHP   Document 1   Filed 01/05/26   Page 4 of 12 PageID 4

K.M. v. Classica Cruise Operator, Ltd., Inc. d/b/a Margaritaville at Sea
Case No.

## COUNT I – VICARIOUS STRICT LIABILITY

15. Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 14 above and further alleges the following matters:

16. At all material times, under applicable federal maritime law, Defendant was and is vicariously and strictly liable for any and all intentionally tortious acts of its crewmembers, such as the crewmember referenced in Paragraphs 12 through 14 above, committed upon fare-paying passengers such as the Plaintiff in the course of the voyage on the ISLANDER. *See Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891 (11th Cir. 2004).

17. At all material times, including the time of the sexual assault and rape alleged in Paragraph 12 above, the crewmember referenced in Paragraphs 12 through 14 above acted with the intent to engage in nonconsensual sexual activity with the Plaintiff and did so, and thereby committed the intentional torts of sexual assault and/or rape upon her, for the proximate effects of which Defendant is vicariously and strictly liable as alleged in the preceding paragraph.

18. As a direct and proximate result of the sexual assault and/or rape by its crewmember referenced above, for which Defendant is vicariously and strictly liable as alleged above, the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 14 above.

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

## COUNT II – NEGLIGENT SECURITY BY DEFENDANT

19. Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 14 above and further alleges the following matters:

20. At all material times, Defendant employed the crewmember who sexually

4

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Case 6:26-cv-00419-CEM-LHP   Document 1   Filed 01/05/26   Page 5 of 12 PageID 5

K.M. v. Classica Cruise Operator, Ltd., Inc. d/b/a Margaritaville at Sea
Case No.

assaulted and/or raped the Plaintiff as alleged in Paragraphs 12 through 14 above, specifically as an onboard bartender.

21. At all times material hereto, Defendant knew or should have known of the risk of sexual assault and/or rape committed by passengers or crew members upon passengers such as the Plaintiff. Defendant's notice is derived from the following sources:

  a. The legislative findings published pursuant to the Cruise Vessel Safety and Security Act of 2010, 111 P.L. 207 §2, 124 Stat. 2243 (July 27, 2010), provided in pertinent part that "Sexual violence, the disappearance of passengers from vessels on the high seas, and other serious crimes have occurred during luxury cruises" and that "Over the last 5 years, sexual assaults and physical assaults on cruise vessels were the leading crimes investigated by the Federal Bureau of Investigations with regard to cruise vessel incidents." 111 P.L. 207 §2(4)-(5);

  b. Prior instances of sexual assault and/or rape committed by crewmembers on Defendant's passenger cruise vessels. For example, on May 6, 2023, a male bartender serving as a crewmember on board Defendant's passenger cruise vessel "Margaritaville at Sea Paradise" sexually assaulted female passenger H.B. after entering her stateroom at night without consent, just as Defendant's bartender in this case sexually assaulted and raped Plaintiff after entering her stateroom without consent or authorization. *See, H.B. v. Classica Cruise Operator Ltd. Inc.*, United States District Court, Southern District of Florida, Case No. 9:23-cv-81144-RLR;

  c. In addition to the foregoing, Defendant knew or should have known that there was an increased risk of sexual assault, rape or other sexual misconduct on

Case 6:26-cv-00419-CEM-LHP   Document 1   Filed 01/05/26   Page 6 of 12 PageID 6

K.M. v. Classica Cruise Operator, Ltd., Inc. d/b/a Margaritaville at Sea
Case No.

  passenger by passengers or crewmembers working in onboard bars or lounges, and other high risk areas such as the crewmember referenced in Paragraphs 12 through 14 above, due to likelihood that passengers frequenting onboard bars or lounges would be encouraged to and would voluntarily consume alcoholic beverages, thereby impairing their alertness and ability to detect or resist improper advances by crewmembers;

 d. In addition to the foregoing, Defendant knew or should have known that there was an increased risk of sexual assault, rape or other sexual misconduct by passenger and or by crewmembers at high risk times, on its vessels including but no limited to the late night or early morning hours, and present in high risk areas including but not limited to as onboard bars, lounges, nightclubs, passenger corridors leading to and in passenger staterooms;

 e. In addition, at all material times Defendant knew or should have known that crewmembers working in onboard bars or lounges such as the crewmember referenced in Paragraphs 12 through 14 above, would have the ability and opportunity to interact with passengers frequenting the bar or lounge, including but not limited to passengers whose faculties were impaired by alcohol or otherwise, and would have the opportunity to take advantage of passengers whose faculties and ability to resist were impaired so as to commit assaults and other crimes.

 22. Accordingly at all material times, Defendant had a duty of reasonable care toward its fare-paying passengers, including the Plaintiff, which included a duty to take reasonable security measures to avoid or minimize sexual offenses such as acts of sexual assault and/or rape committed by passengers or crewmembers on its passengers.

6

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Case 6:26-cv-00419-CEM-LHP   Document 1   Filed 01/05/26   Page 7 of 12 PageID 7

K.M. v. Classica Cruise Operator, Ltd., Inc. d/b/a Margaritaville at Sea
Case No.

23. Notwithstanding its actual or constructive knowledge of the risk of sexual assault by crewmembers on passengers as alleged above, Defendant at all material times breached its duty of reasonable care to take reasonable security measures as alleged above and was thereby negligent through one or more of the following acts of commission and/or omission:

    a. Failure to staff and deploy a sufficient number of security personnel onboard the ISLANDER at high-risk times, such as the late night and into the early morning hours, and in high risk areas, including but not limited to onboard bars, lounges and nightclubs, passenger corridors, and passenger staterooms, in order to deter or prevent sexual assaults and/or rape by crewmembers on passengers;

    b. Failure to provide adequate post orders for onboard security personnel on the ISLANDER at the material times so as to provide adequate security patrols for passenger corridors, thereby deterring or preventing sexual assaults and/or rape by crewmembers on passengers; in high risk areas, including but not limited to onboard bars, lounges, nightclubs, passenger staterooms, and corridors leading to passenger staterooms.

    c. Failure to adopt, implement and/or enforce policies and procedure so as to deter or prevent sexual assaults and/or rape by crewmembers working in the bar or lounge, and other high risk and common areas on the subject vessel such as the crewmember referenced in Paragraphs 12 through 14 above, on passengers frequenting the bar or lounge.

    d. Failure to adopt, implement and/or enforce policies and procedures to prevent or deter the crewmember referenced in Paragraphs 12 through 14 above, to have the ability or capability to access to passenger staterooms at night without being accompanied or adequately monitored by one or mor one security officers or ship personnel so as to prevent or deter passengers from being raped and or sexually assaulted by crew members or ship personnel.

Case 6:26-cv-00419-CEM-LHP    Document 1    Filed 01/05/26    Page 8 of 12 PageID 8

K.M. v. Classica Cruise Operator, Ltd., Inc. d/b/a Margaritaville at Sea
Case No.

    e. Failure adequately to supervise its crew members to prevent or deter them from engaging in sexual offenses against passengers.

    f. Failure to promulgate and/or implement and enforce adequate policies and procedures on the CARIBBEAN to avoid, minimize, prevent or deter sexual offenses against passenger including but not limited to rape and sexual assault by crew members.

  24. As a direct and proximate result of one or more of Defendant's negligent acts and omissions as alleged above, the security onboard the ISLANDER at the material times was inadequate to deter or prevent the sexual assault and/or rape on Plaintiff, as alleged in Paragraphs 12 through 14 above, so that the sexual assault and/or rape described above occurred and Plaintiff thereby has sustained and will continue in the future to sustain the damages alleged in Paragraph 14 above.

  **WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

## COUNT III – NEGLIGENT FAILURE TO WARN BY DEFENDANT

  25. Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 14 above and further alleges the following matters:

  26. At all material times, Defendant employed the crewmember who sexually assaulted and/or raped the Plaintiff as alleged in Paragraphs 12 through 14 above, specifically as an onboard bartender on board Defendant's cruise vessel ISLANDER.

  27. At all times material hereto, Defendant knew or should have known of the risk of sexual assault and/or rape committed by its crewmembers upon passengers such as the Plaintiff.

8

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Case 6:26-cv-00419-CEM-LHP   Document 1   Filed 01/05/26   Page 9 of 12 PageID 9

K.M. v. Classica Cruise Operator, Ltd., Inc. d/b/a Margaritaville at Sea
Case No.

Defendant's notice is derived from the following sources:

   a. The legislative findings published pursuant to the Cruise Vessel Safety and Security Act of 2010, 111 P.L. 207 §2, 124 Stat. 2243 (July 27, 2010), provided in pertinent part that "Sexual violence, the disappearance of passengers from vessels on the high seas, and other serious crimes have occurred during luxury cruises" and that "Over the last 5 years, sexual assaults and physical assaults on cruise vessels were the leading crimes investigated by the Federal Bureau of Investigations with regard to cruise vessel incidents." 111 P.L. 207 §2(4)-(5).

   b. Prior instances of sexual assault and/or rape committed by Defendant's crewmembers. For example, on May 6, 2023, a male bartender serving as a crewmember on board Defendant's passenger cruise vessel "Margaritaville at Sea Paradise" sexually assaulted female passenger H.B. after entering her stateroom at night without consent, just as Defendant's bartender in this case sexually assaulted and raped Plaintiff after entering her stateroom without consent. *See, H.B. v. Classica Cruise Operator Ltd. Inc.*, United States District Court, Southern District of Florida, Case No. 9:23-cv-81144-RLR.

   c. In addition to the foregoing, Defendant knew or should have known that there was an increased risk of sexual assault, rape or other sexual misconduct on cruise ships including passengers on vessels and or crewmembers working on its vessels such as onboard bars or lounges, such as Defendant's crewmember referenced in Paragraphs 12 through 14 above, due to likelihood that passengers frequenting onboard bars or lounges would be encouraged to and would voluntarily consume alcoholic beverages, thereby impairing their

9

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Case 6:26-cv-00419-CEM-LHP   Document 1   Filed 01/05/26   Page 10 of 12 PageID 10

K.M. v. Classica Cruise Operator, Ltd., Inc. d/b/a Margaritaville at Sea
Case No.

    alertness and ability to detect or resist improper advances by crewmembers;

  d. In addition to the foregoing, Defendant knew or should have known that there was an increased of risk of sexual assault, rape or other sexual misconduct by on passengers onboard at high risk times, such as the early morning hours, and present in high risk areas including but not limited to as those either in or returning from onboard bars, lounges, nightclubs, or traveling to passenger corridors and passenger staterooms;

  e. In addition, at all material times Defendant knew or should have known that crewmembers working in onboard bars or lounges may have the ability and opportunity to interact with passengers in the lounge, including passengers whose faculties were impaired by alcohol or otherwise, and would have the opportunity to take advantage of passengers whose faculties and ability to resist were impaired so as to commit assaults and other crimes.

  28. Accordingly at all material times, Defendant had a duty of reasonable care toward its fare-paying passengers, including the Plaintiff, which included a duty to take reasonable measures to warn passengers adequately regarding the risks of sexual assault or sexual misconduct against passengers, both in general and in regard to passengers patronizing onboard bars, lounges, or other facilities where alcoholic beverages are served to them.

  29. Notwithstanding its actual or constructive knowledge of the risk of sexual assault by crewmembers on passengers as alleged above, Defendant at all material times breached its duty of reasonable care in warning passengers as alleged in the preceding paragraph by failing adequately to warn passengers including Plaintiff regarding the risks of rape and or sexual assault or sexual misconduct by against passengers, both in general, in regard to high risk areas

10

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Case 6:26-cv-00419-CEM-LHP   Document 1   Filed 01/05/26   Page 11 of 12 PageID 11

K.M. v. Classica Cruise Operator, Ltd., Inc. d/b/a Margaritaville at Sea
Case No.

including but not limited to onboard bars, lounges, nightclubs, passenger staterooms, and corridors leading from onboard bars and lounges to passenger staterooms, in regard to high risk times such as the early morning hours, and in regard to passengers patronizing onboard bars, lounges, or other facilities where alcoholic beverages are served to them and with regard to onboard bartenders staffing such facilities,, by orally delivered or written warnings or otherwise.

30. As a direct and proximate result of Defendant's negligent failure to warn as alleged above, Plaintiff at the material times was not adequately informed of the risks of rape and or sexual assault or sexual misconduct against passengers, including high risk areas and high-risk times, including on it's vessels prior to when Plaintiff was victimized.

31. As a further direct and proximate result of Defendant's negligent failure to warn as alleged above, Plaintiff, due to her lack of awareness of the risk of onboard sexual assault or sexual misconduct on its vessels, as referenced in Paragraphs 12 through 14 the crewmember thereby had the opportunity to and did commit the sexual assault and/or rape alleged in Paragraphs 12 through 14 above, and Plaintiff thereby has sustained and will continue in the future to sustain the damages alleged in Paragraph 14 above.

**WHEREFORE,** Plaintiff demands judgment against Defendant for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury of all issues so triable as of right.

Executed this Monday, January 5, 2026.

*/s/Nicholas I. Gerson*
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
filing@gslawusa.com

11

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

K.M. v. Classica Cruise Operator, Ltd., Inc. d/b/a Margaritaville at Sea
Case No.

      PHILIP M. GERSON
      Florida Bar No. 127290
      pgerson@gslawusa.com
      EDWARD S. SCHWARTZ
      Florida Bar No. 346721
      eschwartz@gslawusa.com
      DAVID L. MARKEL
      Florida Bar No. 78306
      dmarkel@gslawusa.com
      **GERSON & SCHWARTZ, P.A.**
      1980 Coral Way
      Miami, Florida 33145
      Telephone: (305) 371-6000
      Facsimile: (305) 371-5749
      ***Attorneys for Plaintiffs***